IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 9877 |
| ) | |
| DWAYNE CARTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Anthony Woods has filed a *pro se* lawsuit against Dwayne Carter. Woods alleges that Carter, also known by his rap pseudonym Lil Wayne, violated copyright law by using in his raps concepts and phrases that were inspired by Woods. Woods has moved to proceed *in forma pauperis*, that is, without paying the usual filing fee. For this reason, the Court has reviewed Woods's amended complaint to determine whether it is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2). The Court dismisses Woods's amended complaint for the reasons stated below.

**Background**

Woods is an inmate at the Sheridan Correctional Center in Sheridan, Illinois. Prior to his incarceration, he recorded rap songs and distributed them on compilation albums commonly known as mixtapes. The mixtape most often referenced in Woods' complaint is called "Mr. Thraxxx the Resume." Woods initially "mov[ed] it on the streets"

before eventually uploading Mr. Thraxxx to the Internet for distribution.  In his amended complaint, Woods asserts that his music became copyrighted at some point, but he does not discuss this point in depth.  For the purposes of this decision, the Court assumes that Woods obtained a copyright registration.

Carter is an award-winning rapper from Louisiana who goes by the stage name "Lil Wayne."  Woods alleges that Carter copied lyrics and thematic elements from Mr. Thraxxx and used them in his own songs.  Woods also alleges that Carter referenced the infringement through coded language in his songs for the purpose of taunting Woods.  He argues that this practice began in 2008 or 2009 and that it continued through at least 2014.  Woods does not allege that he knows Carter personally, nor does he allege facts tending to show that Carter ever had the opportunity to actually listen to his music.  Woods requests damages in the amount of $51.1 million as well as a public apology from Carter.

## Discussion

To establish copyright infringement, a plaintiff must demonstrate 1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).  Some minimal degree of creativity or the existence of intellectual production, or thought, and conception is required for copyright protection.  *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007).  The element of copying  "may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Incredible Techs., Inc.*, 400 F.3d at 1011.  If "the accused work is so

similar to the plaintiff's work that an ordinary reasonable person would conclude that defendant unlawfully appropriated the plaintiff's protectable expression by taking material substance and value," the works are substantially similar. *Id.*

Woods begins his complaint by describing the alleged similarities between his song "My Shit" and an unidentified song from Carter's album "I Am Not a Human Being Part 2." In particular, Woods highlights the fact that both songs feature the words "sinsay"[1] [sic], "bitch," "phones," and "shit." Compl. at 1. He says that Carter uses those words in "the same context with the same concept and feel" of his work. *Id.* He also points to Carter's mentioning of a Rolls Royce car, arguing that the naming of the car in both songs is "not a coincidence." *Id.*

The complaint goes on to list a number of similar allegations of copyright infringement based on simple words or broad themes. For instance, Woods alleges that one of his songs and one of Carter's songs contain lines that "are about find [sic] a solution having a result". *Id.* at 3. In another instance, he says "we both mention villains and carpooling." *Id.* Ideas, however, are not protected by copyright; only the original expression of an idea is. *See Feist*, 499 U.S. at 348–49; *JCW Invs.*, 482 F.3d at 917.

The Court therefore focuses on the words and phrases that Woods alleges Carter copied, together with his contention that the overall feel of the songs is the same. *Peters v. West*, 692 F.3d 629, 635 (7th Cir. 2012), involved a similar claim. A local rapper accused hip hop star Kanye West of infringing his copyright based on similarities between the two rappers' songs. Peters pointed to three alleged similarities to support

---

[1] The Court assumes that when he uses the word "sinsay," Woods is using a phonetic spelling of the Japanese word used to refer to a teacher, the common anglicized version of which is "sensei."

3

his claim of copyright infringement—he said that 1) the "hooks" of both songs were derived from the same common maxim and they implemented similar rhyme schemes; 2) the songs shared a title; and 3) both songs contained references to Kate Moss, a British model not usually featured in rap or hip hop lyrics. In that case, the Seventh Circuit held that West had not violated Peter's copyright because the songs were separated by much more than "small cosmetic differences" and instead "share only small cosmetic similarities." *Peters*, 692 F.3d at 636 (quoting *JCW*, 482 F.3d at 916).

In this case, the similarities between the songs are even less significant. First of all, the isolated words and phrases that Woods cites are not protected by copyright; they are "merely . . . short phrase[s] or expression[s] which hardly qualif[y] as . . . appreciable amount[s] of original text." *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 701, 711 (7th Cir. 1972) (Stevens, J.); *Hobbs v. John*, No. 12 C 3117, 2012 WL 5342321, at *6 (N.D. Ill. Oct. 29, 2012), *aff'd*, 722 F.3d 1089 (7th Cir. 2013). Second, the words Woods cites to support his claim of copyright infringement are commonly used in popular music. Unlike the unusual naming of Kate Moss in *Peters*, references to Rolls Royce cars are relatively common in popular music in general and hip hop in particular. And unlike in *Peters*, this case does not involve two songs with identical titles—the only argument Woods makes regarding titles involves his song "My Shit" and Carter's reference to defecation in a later song, which quite obviously does not amount to copyright infringement. Such references are so ubiquitous that they are unprotected. Finally, though Woods points to supposedly common "bars" (rhyme schemes), rhyme schemes are not protected content because "copyright protects actual expression, not methods of expression." *Peters*, 692 F.3d at 636.

4

If musicians could sue one another for copyright infringement based only on the usage of general words like "phone," "villain," and "Rolls Royce," the courts would overflow with copyright infringement suits—even more so if use of the word "bitch" were actionable, given its unfortunate ubiquity in popular music. The test for copyright infringement requires more than shared usage of commonly-used words.

Additionally, a good deal of Woods' complaint has nothing to do with copyright, with Woods alleging that Carter has used his celebrity to harass and taunt Woods. Woods points to several instances in Carter's songs where he allegedly references some aspect of Woods' life in a threatening manner. For instance, Woods describes a photo of himself dressed in a shirt that reads "Life is a Gamble." Compl. at 4. He then quotes a lyric from one of Carter's songs, allegedly in reference to the photo, where Carter says "life is a gamble and I'm all about my poker chips." Woods further alleges that Carter's next line, "murder your associates" was intended to serve as a threat to Woods.

Woods also points to a song by Canadian rapper Drake called "The Motto," where Carter allegedly raps, "I wish [someone] would, like a tree in this bitch . . . That's my M.O., Ida B to that bitch." Compl. 7. Woods alleges that this lyric refers to him, based on Carter's use of "would/tree" (supposedly a play on Woods' name), and "Ida B" (the name of Woods' childhood public housing complex). Although Woods did not attach this particular song or its lyrics to the complaint, the Court considers his extensive quoting as an incorporation-by-reference of the song, thereby allowing the Court to consider the song itself at the dismissal stage. See *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (2012) ("In effect, the incorporation-by-reference

5

doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting [the motion to dismiss] to a motion for summary judgment). Although the Seventh Circuit has not affirmatively extended incorporation-by-reference to audio/visual content, it has expressed that this "makes eminently good sense .. . especially in light of technological changes that have occasioned widespread production of audio-visual works." *Id.* The incorporation-by-reference doctrine works to "prevent a plaintiff from evading dismissal . . . simply by failing to attach to his complaint a document that proves his claim has no merit." *Id.* As such, the Court considers the aforementioned lyric in "The Motto."

Based on the Court's review of the YouTube video of "The Motto," the lyric in question does not actually say ". . . Ida B to that bitch" but instead says "That's my M.O., add a 'B' to that shit." *See* Drake, *The Motto (Explicit)*, YouTube (Feb. 10, 2012), https://www.youtube.com/watch?v=BYDKK95cpfM. The Court cannot see how one reasonably could interpret this as a reference to Woods. But even if Carter did say Ida B, and even if he meant to refer to Woods (which the Court finds to be an unreasonable inference), that would not pose any copyright-related problems for Carter.

In sum, Woods has failed to state a viable claim of copyright infringement. At most, his complaint identifies minor cosmetic similarities between his lyrics and Carter's. And as the Court has indicated, Carter's alleged references in his songs to details from Woods' life—which make up the bulk of Woods's complaint—are not actionable, as copyright infringement or otherwise. As such, the Court finds that Woods has failed to state a claim on which relief can be granted.

**Conclusion**

The Court grants Woods's motion to proceed *in forma pauperis* [dkt. nos. 3 & 5] because he has shown that he cannot afford the filing fee and also grants his motion for leave to amend his complaint [dkt. no. 10]. For the reasons stated above, the Court dismisses Woods's amended complaint pursuant to 28 U.S.C. § 1915(e). The Court denies without prejudice Woods's motion to issue subpoenas [dkt. nos. 6 & 9]; Wood may renew this motion only if the Court ultimately permits the case to proceed ahead. Unless Woods files, by no later than March 10, 2016, an amended complaint that states a viable federal claim, the Court will enter judgment dismissing this action with prejudice.

```
                                        _____
                                              MATTHEW F. KENNELLY
                                              United States District Judge
```

Date: February 18, 2016